UNITED STATES OF AMERICA
U.S. DISTRICT COURT -- EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DIPPOLITI,

    Plaintiff,

 -vs-

TRANE U.S. INC. and
C & C HEATING AND AIR
CONDITIONING COMPANY
doing business as
HINSON HOME COMFORT SERVICES,

    Defendants.

## **COMPLAINT  – CLASS ACTION**

*Plaintiff is not aware of any related cases.*

1.    Plaintiff John Dippoliti  brings this action against defendants Trane U.S. Inc. ("Trane") and C & C Heating and Air Conditioning Company ("C&C") to secure redress for the conduct of defendants in selling defective HVAC units.

2.    Plaintiff allege violation of written and express warranties, fraud, and unfair and deceptive trade practices.

1

## PARTIES

3.      Plaintiff John Dippoliti is a resident of Macomb, Michigan and a citizen of

Michigan.

4.      Defendant Trane is a Delaware corporation with principal offices at  One

Centennial Ave.,  Piscataway, NJ 08854.  It manufactures and markets

heating, ventilation and cooling ("HVAC") equipment.  It was formerly

known as American Standard Inc.  It does business in Michigan.  Its

registered agent and office is CSC-Lawyers Incorporating Service

(Company), 601 Abbot Road, East Lansing, MI 48823.

5.      Defendant C&C is a Michigan corporation with its principal place of

business at 29420 Groesbeck Highway, Roseville, MI 48066.  It is an

authorized  retail seller of HVAC equipment manufactured by Trane.    Its

registered agent is Donna Corrion at that address.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this case pursuant to 28 U.S.C. §1332(d)

(Class Action Fairness Act).  There are over 100 proposed class members.

The claims of the proposed class members exceed the sum or value of

$5,000,000, exclusive of interest and costs.  Most members of the class are

of diverse citizenship from defendant Trane.

7.  Personal jurisdiction and venue are proper because defendant Trane

intentionally markets and sells its products within the state of Michigan and

because defendant C&C is located in the state of Michigan.

## FACTS  – GENERAL

8.  On or about October 9, 2014, plaintiff and his late wife Gail Dippoliti

purchased a Trane furnace and condenser from C&C for $6,495, to heat and

cool their residence.   (Exhibit A)

9.  Trane extended a written warranty against manufacturing defects.  (Exhibit

B)

10. Plaintiff purchased a Trane HVAC unit because of its purported reliability.

11. Trane represents (https://www.trane.com/residential/d/why-trane.html) That

it sells "America's Most Reliable™ HVAC System".  It explains, "Trane

has more than 120 years of experience in the business. We don't just build

our products – we own patents on them. And we don't just test our products

– we push them to the extreme. If our product can't make it through

torturous testing, you'll never see it in your home. It's that kind of reliability

that's earned us America's Most Trusted HVAC System*, three years in a

row by Lifestory Research."  Trane further represents that its air

conditioners are "expertly designed"

(https://www.trane.com/residential/d/products.html).

12.    Trane's representations of reliability were part of the basis of the bargain.

13.    Plaintiff's late wife registered the unit.  (Exhibit C)

14.    In 2018, within the warranty period, the Thermostatic Expansion Valve (TXV) in plaintiff's unit malfunctioned.

15.    Such malfunctions are a persistent problem, and Trane has issued one or more service bulletins documenting the problem.  (Exhibit D)

16.    On information and belief, the problem should have been known to Trane prior to the date on which plaintiff and his late wife purchased their unit.

17.    On information and belief, a rust inhibitor used by Trane in the compressor reacts with the oil in the compressor, resulting in the formation of matter which causes the TXV valve to stick and fail.

18.    Plaintiff reported the problem to C&C when it occurred.  C&C dispatched a qualified technician.  The technician first added MJ-X oil as indicated in the service bulletin.  When that failed to fix the problem, the technician replaced the TXV valve with another Trane TXV valve.

19.    While the replacement valve was covered under the warranty, plaintiff had to pay $550 for labor to replace it.

20.    Numerous complaints about TXV malfunctions are reported on the Internet.

21. Another HVAC retailer has issued a series of bulletins regarding the problem.  (Exhibit E)

22. As a result, purchasers of Trane HVAC systems do not receive that which they bargained for, a reliably functioning HVAC system.

23. Trane has sold tens of thousands of HVAC units with the same combination of rust inhibitor, compressor oil and TXV valve design as that in plaintiff's unit.

24. Plaintiff would not have purchased the Trane HVAC unit, would not have paid as much for it, or would have purchased another brand altogether, had he known of the problem.

## COUNT I – BREACH OF EXPRESS WARRANTY

25. Plaintiff incorporates paragraphs 1-24.

26. This claim is against Trane.

27. Trane's statement that its HVAC units were reliable and expertly designed create an express warranty that such system does not contain the type of inherent defect represented by the combination of rust inhibitor, compressor oil and TXV valve design as used in plaintiff's unit. Uniform Commercial Code, §2-313; Mich. Comp. Laws  §440.2313.

28. The representation is not true.

29.   Notice of breach was given to defendant when plaintiff requested service and subsequently in writing.

## CLASS ALLEGATIONS

30.   Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class.

31.   The class consists of all persons who purchased, within the last 4 years, Trane HVAC units with the same combination of rust inhibitor, compressor oil and TXV valve design as that in plaintiff's unit, in the United States, except Louisiana and Puerto Rico.

32.   Excluded from the class are defendants; any affiliate, parent, or subsidiary of a defendant; any entity in which a defendant has a controlling interest; any officer, director, or employee of a defendant; any successor or assign of a defendant; anyone employed by counsel for plaintiff in this action; and any judge to whom this case is assigned, his or her spouse, and all persons within the third degree of relationship to them, as well as the spouses of such persons.

33.   The class includes thousands of persons and is so numerous that joinder of all members is not practicable.

34.   There are common questions of law and fact with respect to the class, which

common questions predominate over questions affecting only individual class members. These common questions include:

a.  Whether the combination of rust inhibitor, compressor oil and TXV valve design as found  in plaintiff's Trane unit is defective;

b.  Whether this violates express warranties;

c.  Whether Trane violated its limited written warranty when it purported to repair the problem by replacing the TXV valve with one of same design;

d.  Whether Trane engaged in deceptive practices when it sold the HVAC units.

35.  Plaintiff's claims are typical of those of the proposed class.  Plaintiff's claims have the same legal and factual basis as the claims of the class members.

36.   Plaintiff will fairly and adequately represent the class.  There is no conflict of interest between the plaintiff and the class members.  Plaintiff has retained counsel competent and experienced in class action litigation, and intend to prosecute this action vigorously.

37.  This class action is superior to other available means for the fair and efficient adjudication of this dispute. While the individual injuries suffered

7

by each proposed class member are meaningful, they are sufficiently small that individual actions are not economical.  Even if class members could afford individual litigation, there is no reason to burden the courts with multiple actions seeking modest damages.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members for the following relief:

i.      Actual damages;

ii.     Costs;

iii.    Such other or further relief as the Court deems proper.

## COUNT II – BREACH OF IMPLIED WARRANTY – UCC AND MAGNUSON MOSS ACT

38.    Plaintiff incorporates paragraphs 1-24.

39.    This claim is against C&C.

40.    The combination of rust inhibitor, compressor oil and TXV valve design as found  in plaintiff's Trane unit is defective and unmerchantable, violating implied warranties under Uniform Commercial Code, §2-314; Mich. Comp. Laws  §440.2314.   Such breaches are actionable under the Magnuson Moss Consumer Products Warranty Act, 15 U.S.C. §2310.

41.    Notice of breach was given to defendants when plaintiff presented the

vehicle for service and subsequently in writing.

## CLASS ALLEGATIONS

42.   Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), plaintiff  brings this claim on behalf of  a class.

43.   The class consists of all  persons who purchased, during the last 4 years, from C&C Trane units with the same combination of rust inhibitor, compressor oil and TXV valve design as found in plaintiff's Trane unit.

44.   Excluded from the class are defendants; any affiliate, parent, or subsidiary of a defendant; any entity in which a defendant has a controlling interest; any officer, director, or employee of a defendant; any successor or assign of a defendant; anyone employed by counsel for plaintiff in this action; and any judge to whom this case is assigned, his or her spouse, and all persons within the third degree of relationship to them, as well as the spouses of such persons.

45.   The class includes over 40 persons and is so numerous that joinder of all members is not practicable.

46.   There are common questions of law and fact with respect to the class, which common questions predominate over questions affecting only individual class members. These common questions include:

     a.     Whether the combination of rust inhibitor, compressor oil and TXV valve design as found  in plaintiff's Trane unit is defective;

     b.     Whether the units are unmerchantable.

47.  Plaintiff's claims are typical of those of the proposed class.  Plaintiff's claims have the same legal and factual basis as the claims of the class members.

48.  Plaintiff will fairly and adequately represent the class.  There is no conflict of interest between the plaintiff and the class members.  Plaintiff has retained counsel competent and experienced in class action litigation, and intends to prosecute this action vigorously.

49.  This class action is superior to other available means for the fair and efficient adjudication of this dispute. While the individual injuries suffered by each proposed class member are meaningful, they are sufficiently small that individual actions are not economical.  Even if class members could afford individual litigation, there is no reason to burden the courts with multiple actions seeking modest damages.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members for the following relief:

     i.     Actual damages;

    ii.    Attorney's fees, litigation expenses and costs (15 U.S.C. §2310);

    iii.    Such other or further relief as the Court deems appropriate.

## COUNT III – FRAUD

50.   Plaintiff incorporates paragraphs 1-24.

51.   This claim is against Trane.

52.   Trane represented to each person purchasing a Trane HVAC unit that such units were reliable and expertly designed.

53.   The representation is not true.

54.   Trane knew that such representation was not true, and that the units sold were defective and could not be made good under its limited written warranty.

55.   Trane continued selling systems with that feature anyway.

## CLASS ALLEGATIONS

56.   Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), plaintiff bring this claim on behalf of a class.

57.   The class consists of all persons who purchased, within the last 6 years, Trane HVAC units with the same combination of rust inhibitor, compressor

oil and TXV valve design as that in plaintiff's unit, in the United States.

58.    Excluded from the class are defendants; any affiliate, parent, or subsidiary of a defendant; any entity in which a defendant has a controlling interest; any officer, director, or employee of a defendant; any successor or assign of a defendant; anyone employed by counsel for plaintiff in this action; and any judge to whom this case is assigned, his or her spouse, and all persons within the third degree of relationship to them, as well as the spouses of such persons.

59.    The class includes over 100,000 persons and is so numerous that joinder of all members is not practicable.

60.    There are common questions of law and fact with respect to the class, which common questions predominate over questions affecting only individual class members. These common questions include:

    a.    Whether the combination of rust inhibitor, compressor oil and TXV valve design as found in plaintiff's Trane unit is defective;

    b.    Whether Trane committed fraud by representing its units to be reliable when they were defective and by concealing the defect.

61.    Plaintiff's claims are typical of those of the proposed class.  Plaintiff's claims have the same legal and factual basis as the claims of the class

members.

62.    Plaintiff will fairly and adequately represent the class.  There is no conflict

of interest between the plaintiff and the class members.  Plaintiff has

retained counsel competent and experienced in class action litigation, and

intend to prosecute this action vigorously.

63.    This class action is superior to other available means for the fair and

efficient adjudication of this dispute. While the individual injuries suffered

by each proposed class member are meaningful, they are sufficiently small

that individual actions are not economical.  Even if class members could

afford individual litigation, there is no reason to burden the courts with

multiple actions seeking modest damages.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class

members for the following relief:

       i.      Actual damages;

       ii.     Punitive damages;

       iii.    Costs;

       iv.    Such other or further relief as the Court deems proper.

## COUNT IV  – DECEPTIVE TRADE PRACTICES  – MICHIGAN LAW

64.    Plaintiff incorporates paragraphs 1-24.

13

65.    This claim is against Trane.

66.    Trane's statement that its HVAC units were reliable and expertly designed

is not true because the systems contained the type of inherent defect

represented by the combination of rust inhibitor, compressor oil and TXV

valve design as used in plaintiff's unit.

67.    Trane knew or should have known that such representation was not true,

and could not be made good under its limited written warranty.

68.    Trane continued selling systems with that feature anyway.

69.    Trane thereby violated Mich. Comp. Laws  §445.903 by:

a.    Representing that goods have  characteristics, uses, and benefits that

they do not have;

b.    Failing to reveal a material fact, the omission of which tends to

mislead or deceive the consumer, and which fact could not reasonably

be known by the consumer.

c.     Failing to reveal facts that are material to the transaction in light of

representations of fact made in a positive manner.

## CLASS ALLEGATIONS

70.  Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), plaintiff  bring this claim on

behalf of  a class.

71.   The class consists of all  persons who purchased, within the last 6 years, Trane HVAC units with the same combination of rust inhibitor, compressor oil and TXV valve design as that in plaintiff's unit, which was installed in Michigan or sold by a Michigan dealer.

72.   Excluded from the class are defendants; any affiliate, parent, or subsidiary of a defendant; any entity in which a defendant has a controlling interest; any officer, director, or employee of a defendant; any successor or assign of a defendant; anyone employed by counsel for plaintiff in this action; and any judge to whom this case is assigned, his or her spouse, and all persons within the third degree of relationship to them, as well as the spouses of such persons.

73.   The class includes over 100,000 persons and is so numerous that joinder of all members is not practicable.

74.   There are common questions of law and fact with respect to the class, which common questions predominate over questions affecting only individual class members. These common questions include:

a.      Whether the Trane units were defective;

b.      Whether Trane knew or should have known that they were defective;

c.      Whether the sale of the system notwithstanding this problem

constitutes an unfair or deceptive practice.

75.    Plaintiff's claims are typical of those of the proposed class.  Plaintiff's

claims have the same legal and factual basis as the claims of the class

members.

76.     Plaintiff will fairly and adequately represent the class.  There is no conflict

of interest between the plaintiff and the class members.  Plaintiff has

retained counsel competent and experienced in class action litigation, and

intend to prosecute this action vigorously.

77.    This class action is superior to other available means for the fair and

efficient adjudication of this dispute. While the individual injuries suffered

by each proposed class member are meaningful, they are sufficiently small

that individual actions are not economical.  Even if class members could

afford individual litigation, there is no reason to burden the courts with

multiple actions seeking modest damages.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class

members for the following relief:

      i.     Actual damages;

     ii.     Attorney's fees, litigation expenses and costs (Mich.

           Comp. Laws §445.911);

iii.    Such other or further relief as the Court deems proper.

## COUNT V  – DECEPTIVE TRADE PRACTICES  – NEW JERSEY LAW

78.    Plaintiff incorporates paragraphs 1-24.

79.    This claim is against Trane.

80.    Trane's statement that its HVAC units were reliable and expertly designed is not true because the systems contained the type of inherent defect represented by the combination of rust inhibitor, compressor oil and TXV valve design as used in plaintiff's unit.

81.    Trane knew or should have known that such representation was not true, and could not be made good under its limited written warranty.

82.    Trane continued selling systems with that feature anyway.

83.    On information and belief, the key decisions regarding the marketing of the systems took place at Trane's headquarters in New Jersey.

84.    Trane thereby violated N.J.S.A. 56:8-2, which provides that "The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate,

17

or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice . . . "

85.   N.J.S.A. 56:8-2 applies to practices directed from New Jersey to consumers elsewhere. *Kugler v. Haitian Tours, Inc.,* 120 N.J. Super. 260, 293 A.2d 706  (1972); *Boyes v. Greenwich Boat Works, Inc.*, 27 F.Supp.2d 543, 547 (D.N.J. 1998); *In re Norvergence, Inc.,* 424 B.R. 663 (Bankr. D.N.J. 2010).

86.   N.J.S.A. 56:8-19 provides that "Any person who suffers any ascertainable loss of moneys or property, real or personal, as a result of the use or employment by another person of any method, act, or practice declared unlawful under this act or the act hereby amended and supplemented may bring an action or assert a counterclaim therefor in any court of competent jurisdiction. In any action under this section the court shall, in addition to any other appropriate legal or equitable relief, award threefold the damages sustained by any person in interest. In all actions under this section, including those brought by the Attorney General, the court shall also award reasonable attorneys' fees, filing fees and reasonable costs of suit."

87.   Trane engaged in unconscionable and deceptive acts and practices by:

a.      Representing that goods have  characteristics, uses, and benefits that

they do not have;

b.    Failing to reveal a material fact, the omission of which tends to

mislead or deceive the consumer, and which fact could not reasonably

be known by the consumer.

c.    Failing to reveal facts that are material to the transaction in light of

representations of fact made in a positive manner.

## CLASS ALLEGATIONS

88.    Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), plaintiff brings this claim on

behalf of a class.

89.    The class consists of all persons who purchased, within the last 6 years,

Trane HVAC units with the same combination of rust inhibitor, compressor

oil and TXV valve design as that in plaintiff's unit.

90.    Excluded from the class are defendants; any affiliate, parent, or subsidiary

of a defendant; any entity in which a defendant has a controlling interest;

any officer, director, or employee of a defendant; any successor or assign of

a defendant; anyone employed by counsel for plaintiff in this action; and

any judge to whom this case is assigned, his or her spouse, and all persons

within the third degree of relationship to them, as well as the spouses of

such persons.

19

91.   The class includes over 100,000 persons and is so numerous that joinder of all members is not practicable.

92.   There are common questions of law and fact with respect to the class, which common questions predominate over questions affecting only individual class members. These common questions include:

     a.   Whether the Trane units were defective;

     b.   Whether Trane knew or should have known that they were defective;

     c.   Whether the sale of the system notwithstanding this problem constitutes an unconscionable  or deceptive practice.

93.   Plaintiff's claims are typical of those of the proposed class.  Plaintiff's claims have the same legal and factual basis as the claims of the class members.

94.    Plaintiff will fairly and adequately represent the class.  There is no conflict of interest between the plaintiff and the class members.  Plaintiff has retained counsel competent and experienced in class action litigation, and intend to prosecute this action vigorously.

95.   This class action is superior to other available means for the fair and efficient adjudication of this dispute. While the individual injuries suffered by each proposed class member are meaningful, they are sufficiently small

20

that individual actions are not economical.  Even if class members could afford individual litigation, there is no reason to burden the courts with multiple actions seeking modest damages.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members for the following relief:

        i.      Actual damages;

        ii.     Statutory damages;

        iii.    Attorney's fees, litigation expenses and costs;

        iv.    Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.




Respectfully submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By:   s/ Adam G. Taub
      Adam G. Taub (P48703)
      17200 West 10 Mile Rd. Suite 200
      Southfield, MI 48075
      (248) 746-3790
      adamgtaub@clgplc.net

      s/ Daniel A. Edelman
      Daniel A. Edelman
      Cathleen M. Combs
      EDELMAN, COMBS, LATTURNER
           & GOODWIN, LLC
      20 S. Clark Street, Suite 1500
      Chicago, Illinois  60603
      (312) 739-4200
      Email: courtecl@edcombs.com



Dated:   June    2018

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.


/s/ Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
Tara L. Goodwin
David S. Kim
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark St., Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)